United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20117
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

LUIS FRANCISCO MAR

Defendant - Appellee

———————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(02-CR-563-1)

———————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal we review Luis Francisco Mar's (hereinafter, "Mar") conviction for

———————————————

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

impersonating a Federal Bureau of Investigation (hereinafter, "FBI") agent, in violation of 18 U.S.C. § 912. For the following reasons, we uphold the conviction.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Mar, posing as an FBI agent, told Alfredo Arreguin (hereinafter, "Arreguin") that there was a contract for $30,000 to kill Arreguin. Mar told Arreguin that if Arreguin paid $15,000, the FBI would pay the other $15,000 and the contract would be cancelled. Mar warned Arreguin that if he did not pay the money, he and his family would be hurt. Mar later lowered the demand to $3,500. Mar was apprehended when he sent a courier to pick up the money from Arreguin and the courier was intercepted by actual FBI agents contacted by Arreguin.

Mar plead guilty without an agreement and the district court sentenced him to 33 months imprisonment, followed by one year of supervised release. However, the district court failed to inform Mar that his actual term of imprisonment could be increased by up to 12 months, if he violated the terms of the supervised release. Mar argues that the court's failure to comply with Federal Rule of Criminal Procedure 11 (c) (2001), which requires the district court to inform defendants of the effects of supervised release, warrants reversal of his conviction.

Mar also argues that the district erred by applying U.S.S.G. § 2B3.2 (Nov. 2002), the Federal Sentencing Guideline applicable to extortion by force or threat of injury or serious damage. Mar argues that he made no threat that he or his affiliates would injure Arreguin. At the time of his sentencing, Mar asked for a downward departure, but he did not clearly object to the use of U.S.S.G. § 2B3.2. On appeal, however, Mar argues that his motion for downward departure and statements he made at the sentencing was the equivalent to an objection to the use

of U.S.S.G. § 2B3.2.  We consider the two arguments in turn.

## III.

## FAILURE TO INFORM DEFENDANT OF EFFECTS OF SUPERVISED RELEASE

Because Mar did not raise a Rule 11 challenge in the district court, this court reviews the district court for plain error only.  *United States v. Vonn*, 122 S.Ct. 1043, 1048 (2002)*; United States v. Hekimain*, 975 F.2d 1098 (5th Cir. 1992); *United States v. Reyes*, 300 F.3d 555, 560 (5th Cir. 2002).  To establish plain error, Mar must show (1) there is an error (2) that is clear (3) that affects his substantial rights.  *Id.* at 558.

Mar argues that the district court plainly erred by not informing him of or determining that he understood the effects of supervised release, and thus violated Federal Rule of Criminal Procedure 11 (c).  It is clear that the district court's failure to inform Mar of the additional prison time he faced if he violated the conditions of his supervised release is clear error.  *Id.* at 560. However, Mar does not argue or allege that the district court's error was a material factor which affected his decision to plead guilty or that if he had known of the possibility of additional prison time, he would have plead differently.  *Id.* at 558-59.  Mars fails to show that the district court's error affected his substantial rights and thus, that the district court has committed plain error.  *Id.*; *Vonn*, 122 S.Ct. at 1048.

## III.

## SENTENCING UNDER U.S.S.G. § 2B3.2

Mar did not object to the use of U.S.S.G. § 2B3.2 at trial.    Instead he moved for a downward departure.  On appeal, Mar argues that U.S.S.G. § 2B3.2 should not have been used because his actions were not threats, but fraud or extortion.  Because Mar makes a different

argument on appeal than he did before the district court, we review the district court's decision for plain error. *United States v. Musa*, 45 F.3d 922, 924 (5th Cir. 1995); FED. R. CRIM. P. 52(b).

The sentencing guideline for impersonating an FBI agent is U.S.S.G. § 2J1.4, but that guideline provides for cross-referencing to another guideline if the impersonation was to facilitate another offense. PSR ¶ 24; U.S.S.G. § 2J1.4 (c)(1). Thus, the district court sentenced Mar under U.S.S.G. § 2B3.2 because that section applies "if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property, or any comparably serious threat..." U.S.S.G. § 2B3.2, comment. (n.2). "Even if the threat does not in itself imply violence, the possibility of violence or serious adverse consequences may be inferred from the circumstances of the threat or the reputation of the person making it." *Id.*

The district court found that Mar's actions and statements to Arreguin were threats as defined by § 2B3.2. Mar's argument that §2B3.2 does not apply when there is only a threat that a person would be injured, but only when there is a threat to injure someone is unconvincing. Note 2 to U.S.S.G. § 2B3.2 makes it clear that this guideline applies to Mar's statements to Arreguin. Mar fails to demonstrate that the district court erred in applying U.S.S.G. § 2B3.2 to sentence him.

IV.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.